JOSEPH A. VELEZ
ATTORNEY AT LAW (SBN: 16059)
7272 E. Indian School Rd., Ste. 111
Scottsdale, Arizona 85251
480.710.5079
Attorney for Plaintiff
jvelezsq@me.com

# IN THE UNITED STATES FEDERAL COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **SUSAN K. UNDERHILL**, an individual, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| **ALLSTATE INSURANCE COMPANY,** a foreign property & casualty insurer, | |
| Defendant, | |

Plaintiff Susan K. Underhill, by and through counsel undersigned, for her Complaint against Defendant named herein, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.  Venue is placed in this district pursuant to 29 U.S.C. §621 et seq.

1

as it in the State where the alleged unlawful employment practice occurred.

**PARTIES**

2. Plaintiff Susan K. Underhill ("Underhill") is an individual and former employee of Defendant.

3. Defendant Allstate Insurance Company ("Allstate"), is and, at all times material hereto, was a foreign property & casualty insurer licensed with the Arizona Department of Insurance to conduct insurance business in the state of Arizona, an "employer" under 29 U.S.C. §621 et seq., and was the former employer of Ms. Underhill.

**GENERAL ALLEGATIONS**

4. Prior to termination of her employment on July 8, 2011, Ms. Underhill was employed with Allstate for approximately 25 years in positions of increased responsibilities.

5. On or around May 31, 2011, Ms. Underhill informed Allstate that she would file an EEOC age discrimination claim against Allstate.

6. On or around June 13, 2011, Ms. Underhill prepared and filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (#846-2011-63789).

7. Thereafter, Allstate management of discrimination and retaliation by the following: intentionally intimidated, coerced and harassed Ms. Underhill with a hostile work

environment of false accusations of insubordination, work absences, and workplace deficiencies, and of verbal threats that her employment would be terminated if she did not voluntary resign her employment.

8. On or around July 8, 2011, Ms. Underhill resigned her employment with Allstate to avoid the continued intimidation and harassment.

9. On December 19, 2011, Ms. Underhill filed a timely charge of retaliation with the EEOC. This second Charge alleged that Allstate constructively discharged Ms. Underhill with the hostile retaliatory conduct on account of her previous Charge to the EEOC.

10. On August 27, 2012, the EEOC issued a Right to Sue regarding Ms. Underhill's second Charge (#540-2012-00702).

## FIRST CLAIM FOR RELIEF

(Unlawful Employment Practice – Retaliation and Retaliatory Discharge pursuant to Age Discrimination in Employment Act, 29 U.S.C. §623(d))

11. Allstate intentionally retaliated against Ms. Underhill on account of her filing an EEOC charge of discrimination against Allstate for a prior unlawful employment practice.

12. Allstate's committed intentional discrimination against Ms. Underhill on account of her filing an EEOC charge of discrimination against Allstate for a prior unlawful employment practice, and is an unlawful employment practice under Age

Discrimination in Employment Act, 29 U.S.C. §621 et seq. and particularly 29 U.S.C. §623(d).

13. Allstate constructively discharged Ms. Underhill on account of her filing an EEOC charge of discrimination against Allstate for a prior unlawful employment practice.

14. Ms. Underhill is entitled to equitable relief including reinstatement and back pay.

WHEREFORE, Ms. Underhill demands judgment against Allstate as follows:

    A. For reinstatement of Ms. Underhill's employment and back pay and benefits from July 8, 2011.

    B. For an order enjoining Allstate from engaging in intentional discrimination against Ms. Underhill on account of her charges against Allstate for unlawful employment practices.

    C. For liquidated damages and other damages to be shown at trial pursuant to 29 U.S.C. §216(b) and 29 U.S.C. §626(b).

    D. Pursuant to 29 U.S.C. §216(b) and 29 U.S.C. §626(b) for Ms. Underhill's reasonable attorney's fees; expert witness fees, and costs incurred and accruing costs; and

    D. For such other and further relief as the Court may deem just and reasonable under the circumstances.

**RESPECTFULLY SUBMITTED** this 23rd day of November, 2012.

　　　/s/ Joseph A. Velez　　　
JOSEPH A. VELEZ
7272 E. Indian School Rd., Ste. 111
Scottsdale, Arizona 85251
480.710.5079
Attorney for Plaintiff